UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GARY COKLOW,**

      Petitioner,

                                       Civil No: 04-72600
                                       Honorable John C. O'Meara
                                       Magistrate Judge R. Steven Whalen

v.

**JOHN PRELESNIK,**

      Respondent.

_____

**MEMORANDUM OPINION & ORDER DENYING
PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

**Introduction**

      This is a habeas case under 28 U.S.C. §2254. Gary Coklow, (hereinafter, "Petitioner"), filed a *pro se* request for Writ of Habeas Corpus in an effort to challenge his state court convictions for assault with intent to commit great bodily harm less than murder in violation of MCL §750.84, carjacking in violation of MCL §750.529a, armed robbery in violation of MCL §750.529, and felony firearm in violation of MCL §750.227b. Respondent filed his Answer in Opposition to Petition for Writ of Habeas Corpus. Subsequent to a bench trial in Wayne County Circuit Court, Petitioner was convicted of the above referenced offenses and sentenced to serve 19 months to 10 years, 96 months to 135 months, 96 months to 125 months and 2 years, respectively.

      The basis upon which Petitioner relies in support of his appointment of counsel motion is his inability to effectively prosecute his ineffective of assistance of counsel claim. Respondent has not filed a responsive pleading to Petitioner's appointment of counsel request.

Upon review of the pleadings, the Court finds that Petitioner is not entitled to appointment of counsel in this case for reasons set forth below. Accordingly, Petitioner's Motion for Appointment of Counsel is denied.

## II. Background

In an appeal of right from the trial court conviction, Petitioner alleged that he was denied ineffective assistance of counsel due to trial counsel's failure to move for the suppression of unduly suggestive lineup identification testimony. Specifically, Petitioner claims that he was the shortest suspect in the lineup and that he was approximately 30 pounds lighter than the other individuals in the lineup. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished order. *People v. Coklow,* 2002 WL 1747705, Mich. Ct. App. No. 232666 (July 23, 2002). In Petitioner's Delayed Application for Leave to Appeal to the Michigan Supreme Court, he raised the same issue and the Court entered an order March 31, 2003 denying relief to the Petitioner by stating: "On order of the Court, the application for leave to appeal from the July 23, 2002, decision of the Court of Appeals is considered, and is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court." *People v. Coklow,* 468 Mich. 873; 659 N.W.2d 234 (Table) Mich. Sup. Ct. No. 122329 (March 31, 2003).

On July 12, 2004, Petitioner filed a Petition for Writ of Habeas Corpus, which is presently pending before the Court, raising the same ineffective assistance of counsel issue. Respondent has filed his responsive pleading.

## III. Law & Analysis

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). "Habeas corpus is an extraordinary remedy for unusual cases."

*Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). The appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1) the petition could not obtain justice without an attorney; (2) he could not obtain a lawyer on his own; and (3) he would have a reasonable chance of winning with the assistance of counsel. *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986). Moreover, Petitioner in this case must establish "that he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." *DesRosiers v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991). The factors a court may consider include the indigent's ability to conduct whatever factual investigation is necessary to support his claim, the complexity of the factual and legal issues involved, and the capability of the indigent litigant to present the case. *Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir. 1986).

In this case, Petitioner is indigent[1] and asserts that trial counsel was ineffective for failing to move to suppress identification evidence resulting from the alleged unduly suggestive police lineup. Although trial counsel did not file a motion to suppress regarding this matter, counsel raised the issue during the bench trial. Counsel questioned the officer who organized the lineup; she challenged the identification of the Petitioner by questioning the eyewitnesses; and she argued that the lineup was unduly suggestive. Upon hearing the testimony, the trial court ruled that the lineup was fair. Since evidence derived from pre-trial lineups goes to the weight of the witnesses' identification as opposed to the admissibility, the Michigan Court of Appeals likewise ruled that the physical differences between the Petitioner and the other lineup participants went to the weight

---

[1]The Court entered an Order granting Petitioner's Application to Proceed without Prepayment Fees on July 19, 2004.

of the identification evidence and not its admissibility. *See, United States v. Causey,* 834 F.2d 1277, 1286 (6th Cir. 1987); *People v. Sawyer,* 222 Mich. App. 1, 3; 564 N.W.2d 62 (1997).

Based upon the foregoing, the Court does not find that Petitioner's ineffective assistance of counsel claim is one which requires additional development, nor one that is factually and legally complex to the point of requiring the assistance of counsel. Additionally, in light of the fact that Petitioner had the benefit of appointed counsel during his trial court and appellate proceedings, and they asserted the same claim that is pending before this Court, Petitioner has presented no exceptional circumstances where a denial of counsel at this stage of the litigation process would likely result in fundamental unfairness.

Accordingly, the Court finds that Petitioner has not met the requirements necessitating the appointment of counsel in this case.

IT IS HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel **[Docket No: 8-1, filed October 12, 2004]** is **DENIED.**

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  September 28, 2005