# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**GARY COKLOW, #326382,**

    Petitioner,

                                      Civil No: 04-72600
                                      Honorable John C. O'Meara

v.

**JOHN PRELESNIK[1],**

    Respondent.

_____

## OPINION & ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I. Introduction**

This matter is before the Court on Petitioner's, Gary Coklow's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent filed an "Answer in Opposition to Petition for Writ of Habeas Corpus." Petitioner was convicted of car-jacking, armed robbery, assault with intent to commit great bodily harm less than murder, and felony firearm. Subsequent to a bench trial in Wayne County Circuit Court on January 3, 2001, Petitioner was sentenced to ninety-six to one hundred thirty five months for the car-jacking and armed robbery convictions, nineteen to one hundred twenty months for the assault charge, and a two year mandatory prison term for the felony firearm offense.

Petitioner challenges the legality of his conviction and raises one issue for the Court's review: whether Petitioner was denied effective assistance of counsel where the trial attorney failed to move

---

[1] Petitioner is now housed at Kinross Correctional Facility where Linda M. Metrish is serving as warden.

to suppress certain identification testimony which was obtained due to an impermissibly suggestive and tainted line-up. Respondent argues that the Michigan Court of Appeals' determination that Petitioner's trial counsel did not provide ineffective assistance was not the result of an unreasonable application of clearly established Supreme Court law.

Upon review of the pleadings, the Court denies Petitioner's request for habeas relief.

## II. **Statement of Facts**

At 8:00 p.m. on January 3, 2000, Damian Hawkins was shot with a revolver outside of a party store as he was entering the establishment. His mother, Terri Harris, was sitting in her vehicle waiting for Mr. Hawkins, when she heard three shots. The individuals who shot Petitioner proceeded toward Ms. Harris' car, shouted expletives, dragged her out of the vehicle and absconded with her car and purse. Mr. Hawkins survived his injuries, and while in another party store some time after January 3, 2000, he recognized his attackers in the store and called the police. Based upon Mr. Hawkins' information, the police arrested three individuals, and they were brought into the police station for a lineup on February 26, 2000. Mr. Hawkins nor Ms. Harris identified any of the individuals in the lineup as their attackers. On February 27, 2000, Mr. Hawkins and Ms. Harris were called down to the police station to view another lineup. Both Mr. Hawkins and Ms. Harris identified Petitioner as the shooter.

Petitioner asserts that the lineup was impermissibly suggestive and tainted because Petitioner is approximately five feet tall, and the other participants in the lineup were taller and had heavier builds. Officer Michael Russell testified that he recognized that this might be an issue and had the lineup participants seated when Mr. Hawkins and Ms. Harris viewed them for identification purposes. Officer Russell further testified that once seated, the five lineup participants appeared to be about

the same height, which preserved the integrity of the lineup and subsequent identification. Trial counsel challenged the legitimacy of the lineup during the trial court proceedings arguing that the lineup procedure was unduly suggestive. The trial court ruled that the lineup was fair.

### III. Procedural History

Petitioner appealed his conviction as a matter of right to the Michigan Court of Appeals and posed the sole issue of whether he was denied effective assistance of counsel due to the trial attorney's failure to move to suppress identification testimony based on a tainted lineup. On July 23, 2002, in an unpublished opinion, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Coklow,* 2002 WL 1747705, Mich. Ct. App. No. 232666 (per curiam) (July 23, 2002). In its opinion denying relief, the Michigan Court of Appeals ruled that because the trial court found that the lineup was fair and that there was an independent basis for the identification, there was no showing that a motion to suppress would have been granted. Consequently, the appellate court did not find that Petitioner received ineffective assistance of counsel and affirmed the convictions.

Petitioner filed an application for leave to appeal with the Michigan Supreme Court relative to the same issue. The Michigan Supreme Court entered an order on March 31, 2003 denying relief. *People v. Coklow,* 468 Mich. 873; 659 N.W.2d 234 (Table) Mich. Sup. Ct. No. 122329 (March 31, 2003). On July 12, 2004, Petitioner filed a Petition for Writ of Habeas Corpus which is presently before the Court, raising the same claim he presented to the Michigan appellate courts. Respondent answered the Petition making the same above referenced argument.

For the reasons set forth below, Petitioner's request for habeas relief is denied.

## IV. Standard of Review

Under the applicable standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. §2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determinate of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. §2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 412-23 (2000). "Avoiding these pitfalls doesn't require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Parker,* 537 U.S. 3, 8 (2002)(per curiam opinion) (emphasis in original). "Further, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1)." *Baez v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004).

4

## V. **Discussion**

Petitioner alleges that his attorney's failure to file a motion to suppress evidence from the identification lineup constitutes ineffective assistance of counsel. Case law provides that a defendant may have the right to a pretrial hearing to contest the validity of a lineup identification. *United States v. Wade,* 388 U.S. 218 (1967). Petitioner argues that his attorney should have filed a motion to suppress the lineup identification and requested that a *Wade* hearing be conducted because he claims that the identification was impermissibly suggestive. Thus, according to Petitioner, his attorney's failure to file a motion to suppress this identification evidence constitutes ineffective assistance of counsel because his primary defense was mistaken identity.

To prevail on his ineffective assistance of counsel claim, Petitioner must show that the state court's conclusion regarding this issue was contrary to, or an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: (1) petitioner must show that counsel's performance was deficient; and (2) petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687.

> Due process protects the accused against the introduction of evidence which results from an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois,* 434 U.S. 220, 227, 98 S. Ct. 458, 54 L.Ed2d 424 (1977). To determine whether an identification procedure violates due process, courts look first to whether the procedure was impermissibly suggestive; if so, courts then determine whether, under the totality of circumstances, the suggestiveness has led to a substantial likelihood of an irreparable misidentification. *Kado v. Adams,* 971 F.Supp 1143, 1147-48 (E.D. Mich. 1997) (citing *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed2d 401 (1972)).

> Five factors should be considered in determining the reliability of identification evidence: 1. The witness's opportunity to view the criminal at the time of the crime; 2. The witness's degree of attention at the time of the crime; 3. The accuracy of the witness's prior description of the defendant; 4. The witness's level of certainty when

5

identifying the suspect at the confrontation; and 5. The length of time that has elapsed between the time and the confrontation. *Neil v. Biggers,* 409 U.S. at 199-200.

A criminal defendant has the initial burden of proving that the identification procedure was impermissibly suggestive. It is only after a defendant meets this burden of proof that the burden shifts to the prosecutor to prove that the identification was reliable independent of the suggestive identification procedure. See *Johnson v. Warren,* 344 F.Supp.2d 1081, 1090 (E.D. Mich. 2004) (citing *English v. Cody,* 241 F.3d 1279, 1282-83 (10th Cir. 2001) (citing *United States v. Wade,* 388 U.S. 218, 249, n. 3 31, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967). If a defendant fails to show that the identification procedures were impermissibly suggestive, or if the totality of the circumstances indicate that the identification is otherwise reliable, no due process violation has occurred; so long as there is not a substantial misidentification, it is for the jury or factfinder to determine the ultimate weight to be given to the identification. See *United States v. Hill,* 967 F.2d 226, 230 (6th Cir. 1992); *Johnson,* 344 F.Supp.2d at 1090.

*Glover v. Hofbauer,* 2006 WL 3299398, *3 -*4 (E.D. Mich. Nov. 14, 2006).

Applying each of the five factors to this case, first, the record reflects that Mr. Hawkins and Ms. Harris had a good opportunity to see the shooter at the crime scene. It is undisputed that Mr. Hawkins was in a lighted parking lot, he was shot at point blank range, and a few seconds passed between the gun being retrieved from the shooter's pocket and the first shot. Therefore, Mr. Hawkins was face to face with his attacker. Ms. Harris was in the same lighted parking lot and was also face to face with her attacker when he approached her as she was sitting in her car, dragged her out of the vehicle, took her purse and drove off. Although there was testimony that the entire series of events happened very quickly, both Mr. Hawkins and Ms. Harris attest to the fact that they saw the shooter for long enough and well enough to provide an accurate identification.

Second, both Mr. Hawkins and Ms. Harris were attentive at the time of the incident. Immediately prior to Mr. Hawkins being shot, the shooter yelled "motherfucker" at Mr. Hawkins. Not only did that get the attention of Mr. Hawkins to see who was yelling at him, but Ms. Harris

6

testified that she heard it as well while sitting in the car, and began to observe what was taking place in front of the store. Third, prior to the police calling Mr. Hawkins and Ms. Harris to come to the police station to view a lineup, Mr. Hawkins recognized the Petitioner as the shooter on two separate occasions when he saw him out in public. Petitioner called the police with this information, which led to Petitioner's arrest.

Fourth, it is undisputed that both Mr. Hawkins and Ms. Harris immediately identified Petitioner as the shooter upon seeing him in the second lineup. Petitioner was not in the first lineup, and Mr. Hawkins and Ms. Harris indicated as such at the time. Finally, the crime occurred on January 3, 2000 and the lineups took place on February 26, 2000 and February 27, 2000. Therefore, about a month and a half passed between the criminal act and the lineup. The Court does not find that this is a significant period of time, especially in light of the fact that within that segment of time, Mr. Hawkins saw and identified Petitioner as the shooter on two separate occasions. Satisfying this five factor test establishes independent reliability relative to the identification evidence. See *Howard v. Bouchard,* 405 F.3d 459, 481-85 (6th Cir. 2005). Petitioner's height aside, strong identification evidence still existed substantiating Mr. Hawkins' and Ms. Harris' identification of Petitioner as the shooter. See *Id.*

Therefore, the Court finds that trial counsel's failure to file a pretrial suppression motion does not constitute ineffective assistance of counsel four reasons. First, Petitioner has failed to demonstrate a reasonable probability that the suppression motion would have resulted n a decision to exclude the testimony. See *Millender v. Adams,* 187 F.Supp2d 852, 868 (E.D. Mich. 2002). Second, Petitioner has failed to show that he was prejudiced by trial counsel's failure to file a pretrial motion to suppress in light of the fact that Mr. Hawkins' and Ms Harris' lineup identifications meet

7

the above stated five factor test. *Howard v. Bouchard,* 405 F.3d at 481-85. Third, although trial counsel did not file a suppression motion relative to the lineup identification, she did challenge the integrity of the lineup during the course of the bench trial. Therefore, the issue was preserved and there was argument and consideration relative to the claim, with the trial court finding that the lineup was fair. Finally, Petitioner has failed to demonstrate that his trial attorney's performance was deficient nor that the alleged deficient performance prejudiced the Petitioner. Although Petitioner may have been shorter than the other participants in the lineup, the issue was rectified to a degree with the lineup taking place while the participants were seated. Even if the lineup was impermissibly suggestive, there is enough support on the record which provides independent reliability relative to Mr. Hawkins' and Ms. Harris' identification of Petitioner as the shooter.

## VI. Conclusion

Accordingly,

**IT IS ORDERED** that the "Petition for Writ of Habeas Corpus" **[Doc. #3, filed July 19, 2004]** is **DENIED** and **DISMISSED WITH PREJUDICE.**


                                                                      s/John Corbett O'Meara
                                                                      United States District Judge

Dated: September 27, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 27, 2007, by electronic and/or ordinary mail.

                                                      <u>sWilliam Barkholz</u>

                                                      Case Manager